**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JOAQUIN LUCERO**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SWIFT TRANSPORTATION SERVICES, LLC**<br><br>and<br><br>**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**<br><br>Defendants. | ) | Case No. 1:26-cv-00748<br><br>**AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND**<br>**ENDORSED HEREON**<br><br>JUDGE: STEVEN C. YARBROUGH |

Plaintiff Joaquin Lucero, by and through undersigned counsel, brings this Class Action Complaint against Defendants Swift Transportation Services, LLC and Swift Transportation Co. of Arizona, LLC, and alleges as follows:

## NATURE OF THE ACTION

1. This is a class action brought under the New Mexico Minimum Wage Act, N.M.S.A. § 50-4-1 et seq. (the "NMMWA"), for Defendants' systemic failure to pay overtime wages to hourly driver-trainers who regularly worked in excess of forty hours per week.

## PARTIES

2. Plaintiff Joaquin Lucero is an individual residing in Los Lunas, New Mexico, and is a current employee of Defendants.

3. Defendant Swift Transportation Services, LLC is a corporation headquartered in Phoenix, Arizona, and doing business in the State of New Mexico, that served as the W-2 employer of Plaintiff and the Class Members defined herein.

4. Defendant Swift Transportation Co. of Arizona, LLC is a corporation headquartered in Phoenix, Arizona, and doing business in the State of New Mexico, that served as the Federal Motor Carrier Safety Act ("FMCSA") carrier for Plaintiff and the Class Members defined herein.

5. As the FMCSA carrier for Plaintiff and the Class Members, Defendant Swift Transportation Co. of Arizona, LLC is the entity that directs, controls, and supervises those employees' work, including by:

(a) ensuring that drivers are qualified under FMCSA regulations;

(b) ensuring that drivers comply with federal hours-of-service rules;

(c) promulgating and overseeing employees' safety rules to ensure compliance with the FMCSA;

(d) exercising direct managerial and operational control over all employees' daily activities by dispatching, setting route and assignments; and

(e) maintaining all relevant records like driver qualification files, background and safety-history checks, motor vehicle records annually, insurance records, medical certification files, and hours-of-service records.

6. At all times relevant to this Complaint, Defendants operated out of various locations and facilities in New Mexico, including the Los Lunas, New Mexico Walmart Distribution Center where they employed Plaintiff.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the parties have diverse citizenship and the amount in controversy is greater than $5 million inclusive of compensatory damages, liquidated or statutory damages and attorneys' fees or costs.

8. Specifically, with respect to the amount in controversy, while Plaintiff is not in possession of his time and pay records from his hourly tenure while working for Defendants, upon information and belief, he alone is owed in excess of $15,000 in compensatory overtime pay, plus two times that amount in liquidated damages, plus attorneys' fees and costs.

9. Upon further information and belief, Plaintiff is one of several hundred similarly situated employees, all owed significant overtime pay, liquidated damages, and attorneys' fees and costs.

10. This Court has personal jurisdiction over Defendants because Defendants both continuously transacted business in New Mexico at all times relevant to this case, employed Plaintiff and Class Members in New Mexico, and committed the acts and omissions giving rise to this action in New Mexico.

11. Venue is proper in this Court because Defendants conducted business in Valencia County, Plaintiff worked in Valencia County at the Defendants' Los Lunas facility, and the acts and omissions giving rise to this action occurred in Valencia County, New Mexico.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendants in the following positions: company driver from approximately April 2019 to May 2020; owner-operator from approximately May 2020 to December 2021; driver-trainer from approximately December 2021 to May 2023; and driver-manager from approximately May 2023 to present.

13. During the period from December 2021 through May 2023, when Plaintiff was employed as a driver-trainer, he was compensated on an hourly basis.

14. As a driver-trainer, Plaintiff operated out of the Los Lunas, New Mexico Walmart Distribution Center.

15. As a driver-trainer, Plaintiff regularly worked fifty-five to sixty hours per week.

16. Despite regularly working in excess of forty hours per workweek, Plaintiff was not paid an overtime premium of one and one-half times his regular rate of pay for hours worked beyond forty hours per workweek.

17. Plaintiff's work as a driver-trainer was almost exclusively performed in New Mexico.

18. Upon information and belief, Defendants employed numerous other employees, including drivers, driver-trainers, loaders, mechanics, and other employees in New Mexico during the Class Period who, like Plaintiff, were paid on an hourly or flat daily rate basis, regularly worked in excess of forty hours per workweek, and were not paid overtime compensation at the rate of one and one-half times their regular rate of pay.

19. Defendants fulfilled the same roles vis-à-vis all employees in New Mexico as they did for Plaintiff, as described in Paragraphs 3-5.

20. Both Defendants constituted employers of the drivers, driver-trainers, loaders, mechanics, and other employees in New Mexico, because the NMMWA defines "employer" to include "any individual, partnership, association, corporation, business trust, legal representative or organized group of persons employing one or more employees at any one time, acting directly or indirectly in the interest of an employer in relation to an employee." N.M.S.A. § 50-4-21(B).

21. The NMMWA further defines employ "includes suffer or permit to work." *Id.* § 50-4-21(A).

22. Hence, for the reasons stated in Paragraph 3-5, Defendants both employed drivers, driver-trainers, driver-managers, loaders, mechanics, and other employees in New Mexico.

23. Defendants' failure to pay overtime wages to their hourly employees was the result of a uniform corporate policy or practice, which was applied to hundreds of employees in New Mexico.

24. The NMMWA requires employers to pay hourly and flat daily rate employees one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek, subject to certain exemptions.

25. Defendants' hourly employees, including Plaintiff and the Class Members, are not exempt from the overtime requirements of the NMMWA.

26. Defendants' failure to pay overtime wages constitutes a violation of N.M.S.A. § 50-4-22.

27. As a result of Defendants' violations, Plaintiff and Class Members have been deprived of overtime wages to which they are legally entitled.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following class of employees who have similar claims under the laws of the State of New Mexico, which are defined as:

> **All persons employed by Defendants in New Mexico who, within the three years preceding the filing of this action through the date of judgment, worked more than forty hours in a workweek and were paid on an hourly basis or a flat daily rate but were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek.**

29. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Class includes dozens or hundreds of current and former employees of Defendants.

30. There are questions of law and fact common to the Class, particularly whether Defendants failed to pay overtime wages to Class Members as required by NMMWA.

31. Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class Members were subjected to the same unlawful pay practices and suffered the same type of injury, namely the failure to receive overtime compensation for hours worked in excess of forty hours per workweek.

32. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the interests of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff is represented by competent counsel experienced in class action and employment litigation.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications and would establish incompatible standards of conduct for Defendants; (b) individual litigation would be impractical for many Class Members given the relatively small amount of individual damages compared to the expense and burden of individual litigation; (c) a class action will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated; and (d) Class Members have a substantial interest in the resolution of this matter as a single action.

34. Questions of law and fact common to the Class predominate over questions affecting only individual Class members.

**COUNT ONE**
**(NMMWA Violations)**

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. The NMMWA, and specifically N.M.S.A. § 50-4-22, requires that employees be compensated at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek, unless specifically exempted.

30. Plaintiff and Class Members are non-exempt employees entitled to overtime compensation under the NMMWA.

31. Defendants failed to pay Plaintiff and Class members overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

32. Defendants' failure to pay overtime wages violates N.M.S.A. § 50-4-22 and constitutes a breach of their obligations under the NMMWA.

33. Defendants' violations were willful and intentional, or made with reckless disregard for whether their conduct violated the NMMWA.

34. As a result of Defendants' violations, Plaintiff and Class Members have suffered damages in the form of unpaid overtime wages.

35. Pursuant to N.M.S.A. § 50-4-26, Plaintiff and Class Members are entitled to recover unpaid overtime wages, liquidated damages, prejudgment interest, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class Members, respectfully requests that this Honorable Court:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other Class Members;

B. Enter judgment against Defendants and in favor of Plaintiff and the Class Members;

C. Award Plaintiff and the Class Members actual damages for unpaid wages;

D. Award Plaintiff and the Class Members liquidated damages equal to twice the amount of unpaid wages found due;

E. Award Plaintiff and the Class Members pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the Class Members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

G. Award Plaintiff and the Class Members any such further and additional relief as this Court deems just and proper.

Respectfully Submitted,

**TITTLE & PERLMUTER**

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (OH Bar 0082856)
4106 Bridge Ave.
Cleveland, Ohio 44113
Telephone: (216) 222-2222
Facsimile: (888) 604-9299
Email: scott@tittlelawfirm.com

**NILGES LEGAL GROUP**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH Bar 0086195)
1360 East 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Scott D. Perlmuter*
*Counsel for Plaintiff*